## Case No. 10,881.

### In re PEASE.

[13 N. B. R. (1876) 168.] [1]

District Court, D. Minnesota. 1876.

BANKRUPTCY—PROOF OF CLAIM AGAINST PARTNERSHIP AND PARTNERS—DISTRIBUTION.

1. If a creditor holding a note against a firm, proves it against the estate of two of the partners who took the assets and agreed to pay the firm debt, he may prove for the balance against the estate of the other partner, and share pro rata with his creditors.

[Cited in Re Webb, Case No. 17,317; Re Lloyd, 22 Fed. 89.]

2. The rule in regard to the distribution of the assets of a firm, does not apply where one partner alone is bankrupt.

A stipulation containing a statement of facts has been filed, from which it appears, that "three parties named Pease, Sherman, and Hall were partners in Minneapolis under that firm name, carrying on the business of dealing in paints, oils, and glass. As such copartners they contracted a debt to D. F. Freeman & Co., and gave a firm note for the amount, signed Pease, Sherman & Hall. Afterwards the partnership was dissolved, R. S. Pease retiring. Sherman and Hall continued doing business under that firm name, and agreed with Pease to pay all outstanding debts of Pease, Sherman & Hall. This agreement, however, was unknown to Freeman & Co., and they never released Pease. Afterwards Pease started in business at Minneapolis on his own account, in the same line as the firm of which he had been a member. Afterwards the firm of Sherman & Hall was forced into bankruptcy, and Freeman & Co. proved against their estate the debt evidenced by the note of Pease, Sherman & Hall, and realized from the assets of said Sherman & Hall about twenty cents on the dollar of said debt, and no more, eighty per cent. of said debt being still unpaid. Afterwards Pease goes into bankruptcy individually, and said Freeman & Co. ask to prove against his estate the said eighty per cent. of their debt against Pease, Sherman & Hall, which remains unpaid after exhausting the estate of Sherman & Hall. It is admitted that at the time Pease retired from the firm of Pease, Sherman & Hall, he took nothing of the assets, and sold out his interest in the firm at that time for one dollar."

Charles D. Kerr, for creditors.

S. R. Thayer, for assignee.

NELSON, District Judge. It seems to me the equities are with the creditors of the old firm of Pease, Sherman & Hall. The dissolution of the firm, the subsequent bankruptcy of Sherman & Hall, who continued the business after Pease retired, and finally the bankruptcy of Pease, do not change the liability of the respective members of the old firm of Pease, Sherman & Hall to their creditors. The right of these creditors to pursue Pease after they had received a portion of their indebtedness from the estate of Sherman & Hall must be admitted. There is no pretense that they released him from his liability, though the assumption of the debts of the old firm by Sherman & Hall placed them under an additional and personal liability for all the debts of Pease, Sherman & Hall, which could have been recovered of them by the creditors, had they been solvent. Now, how does this case stand? Sherman & Hall, who took all of the assets of the old firm, have been declared bankrupts, and their estate has paid the creditors of that firm twenty per cent. There is a dissolution of the old firm, and all of the assets are disposed of, and Pease, who retired, is individually bankrupt. We thus have a firm dissolved, no assets, and all the partners insolvent and in bankruptcy, without any voluntary or in invitum proceedings being instituted to declare them bankrupt as a firm. Under such circumstances, in my opinion, the individual creditors of Pease have no rights prior to the creditors of the old firm of which he was a member. Their claims have been duly proved, and they are entitled to share pro rata with the other creditors. The equity rule in regard to the rights of firm and individual creditors does not apply, for the reason that no proceedings have been instituted against the partnership under section 5121 of the Revised Statutes.

The creditors of the old firm can therefore share pro rata with the individual creditors of Pease to the extent of the unpaid portion of their claims.